**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

KEYBANK NATIONAL ASSOCIATION,

                Plaintiff,

-vs-                                            Case No.  2:09-cv-662-FtM-SPC

JOSEPH E. WILLOUGHBY,

                Defendant.
_____

## ORDER

This matter comes before the Court on Plaintiff KeyBank National Association's Motion for Summary Judgment (Doc. #21) filed on April 23, 2010. Defendant did not file a response to the Motion and on July 30, 2010, this Court *sua sponte* allowed Defendant until August 5, 2010 to file his response. Defendant has failed to file a response. Thus, the Court will rule on the Motion without the benefit of Defendant's response.

The Court notes at the outset that the mere fact that the moving party's summary judgment motion is uncontested or not responded to, is not enough for the Court to grant the Motion outright. Plaintiff, as the moving party, carries the burden to show that judgment is appropriate as a matter of law. *See* United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida, 363 F.3d 1099 (11th Cir. 2004) (holding that "the district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion.").

Further, the Eleventh Circuit has stated that "[t]he District Court shall consider all evidence in the record when reviewing a summary judgment if *everything* in the record . . . demonstrates that

no genuine issue of material fact exists." Tippens v. Celotex Corp., 805 F.2d 949, 952 (11th Cir. 1986) (internal quotations omitted) (emphasis in original).  Therefore, if one of the essential elements of Plaintiff's claim is in doubt, then summary judgment must not be granted.  The fact that Defendant has failed to respond does not require the Court to review all evidentiary materials on file, but it must at least review those materials supporting the motion itself.  One Piece of Real Property, 363 F.3d at 1101-02.

## FACTUAL BACKGROUND

The Court takes the following facts from Plaintiff's Motion for Summary Judgment and the record.  Even though Defendant has not filed an Opposition to these facts and the record before the Court is limited in this case, the Court has reviewed Defendant's Answer to the Complaint (Doc. #9) and will note, when proper, where Defendant disputes Plaintiff's recitation of the facts.  The Court notes that the Answer is the only document where Defendant has addressed the allegations in this case, and all the Defendant stated in its Answer to Plaintiff's numbered allegations is "denied."

Plaintiff, KeyBank, is a national banking association based in Cleveland, Ohio, and is the successor-in-interest to Society National Bank.  On September 19, 1995, Willoughby, acting as President of the non-party, J.M. Willoughby Development, Inc., executed and delivered to Society Bank a Demand Promissory Note which made available to Willoughby a mortgage in the original principal amount of $230,000 ("the Note") secured by property located at 2064 Forest Edge Drive, Cuyahoga Falls, Ohio 44223 ("the Property").  (Pl. Ex. A).  J.M. Willoughby Development Co., also known as J.M. Willoughby Development, Inc. (hereinafter collectively "Willoughby Development") has been dissolved according to records from the Office of the Secretary of State of Ohio dating as far back as December 28, 1998.  (Pl. Ex. B).

Willoughby, acting individually, executed and delivered to Plaintiff an individual Guaranty that obligated him to pay any and all indebtedness of J.M. Willoughby Development, Inc. ("Guaranty"). (Pl. Ex. C). In order to induce KeyBank into agreeing to permit the sale of the Property, Willoughby agreed to continue to pay on the Guaranty and satisfy the Note of the original mortgage. KeyBank states that they actually and reasonably relied upon this representation and permitted the property to be sold on December 1, 1995. Whereupon, KeyBank released its lien, but did not release Willoughby from his payment obligations due under the Guaranty. Under the terms of the Guaranty, Willoughby absolutely and unconditionally guaranteed prompt and punctual payment of all obligations and indebtedness, direct and indirect, of J.M. Willoughby Development, Inc., to KeyBank when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter.

On October 6, 2009, Plaintiff KeyBank National Association filed the instant action against Defendant Joseph E. Willoughby for breach of contract. Plaintiff alleges that Willoughby stopped making payments on the Note and Guaranty in April 2009.[1] On April 21, 2009 and May 12, 2009, KeyBank directed correspondence to Willoughby c/o J.M. Willoughby Development, Inc., concerning the default under the terms of the Note for failure to make timely payments as they became due, and KeyBank demanded prompt payment. (Pl. Ex. D).[2] The Court has reviewed these correspondence. In these letters, KeyBank demands payment of the principal amount of the loan,

---

[1] Willoughby denies this allegation. (Def. Answer at ¶9).

[2] Defendant stated in his Answer that he is without knowledge as to whether Plaintiff made repeated attempts to contact him regarding the status of payment and the default under the terms of the Note, and thereby denied the same and demanded "strict proof thereof." (Def. Answer at ¶10).

interest, and late charges due under the Demand Note that was entered into by Willoughby on September 19, 1995. None of the various items of correspondence to Willoughby were returned as undeliverable.

On June 16, 2009, an attorney, on behalf of KeyBank, directed correspondence to Willoughby at his residence concerning his default under the Terms of the Note for failure to make timely payments as they became due and demanded prompt payment by Willoughby, pursuant to his obligation under the Note and Guaranty, of all amounts due under the Note, consisting of the principal amount of $226,519.41, plus interest, late charges and other charges. (Pl. Ex. E).[3] The letter stated that the firm represents KeyBank and that Willoughby has previously been informed by KeyBank that there had been a default under the Demand Note. The letter informed Willoughby that interest continues to accrue each day and demanded that payment be made on or before June 30, 2009, or legal action would be commenced against Willoughby. None of the various items of correspondence to Willoughby were returned as undeliverable. Since the date of filing the Complaint, and continuing through today, Willoughby has not repaid KeyBank the amounts due under the Note.

## STANDARD OF REVIEW

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is genuine if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 U.S. 2505,

---

[3] Defendant again stated in his Answer that he is without knowledge as to whether Plaintiff sent this correspondence and thereby denied the same and demanded "strict proof thereof." (Def. Answer at ¶13).

91 L. Ed. 2d 202 (1986). Similarly, an issue is material if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of showing the absence of any genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In deciding whether the moving party has met this initial burden, the Court must review the record and all reasonable inferences drawn from the record in the light most favorable to the non-moving party. Whatley v. CNA Ins. Co., 189 F.3d 1310, 1313 (11th Cir. 1999).

Since Plaintiff has the ultimate burden of proof at trial, it must show in a motion for summary judgment that it can, in fact, carry its burden of proving all essential elements of its claims. *See* Pelt v. Utah, 539 F.3d 1271, 1280 (10th Cir. 2008). Once the Court determines that the moving party has met its burden, the burden shifts and the non-moving party must present specific facts showing that there is a genuine issue for trial that precludes summary judgment. Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, S. Ct. 1348, 89 L. Ed. 2d 538 (1986). "The evidence presented cannot consist of conclusory allegations, legal conclusions or evidence which would be inadmissible at trial." Demyan v. Sun Life Assurance Co. of Canada, 148 F. Supp. 2d 1316, 1320 (S.D. Fla. 2001) (citing Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991)). The non-moving party may not depend upon the mere allegations or defenses in his Answer to counter it. The party must show evidence. The non-moving party may not rest on mere allegations made in pleadings, legal memoranda, or oral argument. *See* Berckeley Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 201 (3d Cir. 2006). If reasonable minds could find a genuine issue of material fact then summary judgment should be denied. Miranda v. B & B Cash Grocery Store, Inc., 975 F.2d 1518, 1532 (11th Cir. 1992).

## DISCUSSION

This Court has diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332. The Statute reads in pertinent part: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States." 28 U.S.C. § 1332.

The Parties consented to the Magistrate Judge's jurisdiction (Doc. # 24) on July 28, 2010. The District Court approved the consent jurisdiction (Doc. # 25) on July 29, 2010. Therefore, pursuant to 28 U.S.C. § 636(c), and Fed. R. Civ. P. 73, the undersigned has jurisdiction to conduct all proceedings including the entry of a final judgment.

Under Florida law, the elements of a contract are offer, acceptance, and consideration. Lockheed Martin Corp. v. Galaxis USA, Ltd., 222 F. Supp. 2d 1315, 1323 (M.D. Fla. 2002). Issues of contract interpretation are generally questions of law and thus properly resolved on summary judgment. Lawyers Title Ins. Corp. v. JDC (America) Corp., 52 F.3d 1575, 1580 (11th Cir. 1995). If the court finds that there exists a material issue of fact as to whether a contract existed between the parties, summary judgment is inappropriate. Consolo v. A.M.K. Corp., 344 So.2d 1285 (Fla. App. 3d D.C.A. 1977). "A guaranty is a collateral promise to answer for the debt or obligation of another . . . [and] rules applicable to contracts generally apply to guaranty contracts." Lockheed Martin Corp., 222 F. Supp. at 1325. If a guaranty is clearly not ambiguous, it must be construed in accordance with the plain meaning of the words contained therein. Rev v. Guy Gannett Pub. Co., 766 F. Supp. 1142, 1146 (S.D. Fla. 1991).

The Court has reviewed the $230,000 Demand Promissory Note and the Continuing Guaranty in this case and cannot conclude that there is any ambiguity in these contracts. "The circumstances,

the facts, the signature lines, and the language of the contract documents are all important in determining whether an enforceable guaranty exists." Lockheed Martin Corp., 222 F. Supp. 2d at 1342. The Guaranty was executed by Defendant by which he guaranteed the obligation of Willoughby Development and there is no allegation that the contracts were entered into under duress or fraud. In fact, Defendant admitted in its Answer that "under the terms of the Guaranty executed by Willoughby and delivered to Plaintiff, Willoughby guaranteed to pay promptly the entire indebtedness of Willoughby Development to Plaintiff when due, whether at stated maturity, upon acceleration or otherwise, and at all times thereafter." (Def. Answer at ¶12). Defendant also admitted in his Answer that "Willoughby, acting individually, executed and delivered to Plaintiff an individual Guaranty (the "Guaranty") which obligated him to pay any and all indebtedness of J.M. Willoughby Development, Inc. (Def. Answer at ¶6). Defendant does not dispute that a contract exists between himself and Plaintiff. Rather, he denies the allegation that he stopped making any regular payments in April 2009 with no further documentary evidence. (Def. Answer at ¶9).

Defendant has failed to provide the Court with any record evidence supporting his assertion that he continued to make payments after April 2009 that would refute Plaintiff's allegations of non-payment. The Defendant still has the obligation pursuant to Federal Rule 56 to come forward with record evidence supporting its position that there is a genuine issue of material fact for trial. Defendant has failed to do that in this case. He has not filed one piece of paper, deposition transcript or otherwise, with this Court that would dispute the fact that Defendant has failed to pay on the Note, as required by the Guaranty, for which he was obligated to do so under its Terms. Defendant has not made the required payments and has not provided this Court with any reason, explanation, or defenses as to why the required payments were not made. Notably, Defendant did not raise any

affirmative defenses in its Answer and has not provided any supporting documentation that he was not obligated to pay KeyBank the required demanded payment. As a result, there is a clear breach of contract in this case.

The Court notes that KeyBank has supported its Motion by attaching documents from this case as exhibits. In granting an unopposed motion for summary judgment, the Court "must indicate that merits of [the] motion were addressed." One Piece of Real Property, 363 F.3d at 1102. Based on the Court's review of these attachments and the record in this case, it finds that summary judgment is proper.

Accordingly, it is now

**ORDERED:**

(1) Plaintiff Keybank National Association's Motion for Summary Judgment (Doc. #21) is **GRANTED**.

(2) The Clerk shall enter judgment in favor of Plaintiff KeyBank and against Defendant Willoughby in the principal amount due under the Note Guaranty in the amount of $226,519.41, plus pre-judgment interest accrued in the amount of $3,279.81 as of April 21, 2009, with interest continuing to accrue at the rate of the Prime Rate plus 1.0% every day after that through the entry of judgment; post-judgment interest to be computed according to the law; actual and reasonable attorneys' fees and costs; court costs in the amount of $350.00.; and late charges in the amount of $545.21 as of April 21, 2009, with further late charges being determined in accordance with the terms of the Note.

(3) The Clerk is directed to terminate any pending motions and deadlines, enter judgment accordingly, and **CLOSE** this case.

**DONE AND ORDERED** at Fort Myers, Florida, this   12th   day of August, 2010.

_____
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record